**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-65-TCK |
| ) | (04-CV-918-TCK) |
| JOSE DEJESUS FERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Jose DeJesus Fernandez's pro se motion seeking to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. # 306) and defendant's application to proceed without prepayment of fees and supporting affidavit (Dkt. # 306, Attachment 2). The Court notes that a defendant is not required to pay a filing fee to file a motion under § 2255 and there is no need for the defendant to request permission to proceed in forma pauperis. Therefore, defendant's motion to proceed in forma pauperis is moot.

Section 2255 provides that "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

**Background**

On June 8, 2001, Fernandez and four co-defendants were named in an eight-count Sealed Indictment (Dkt. # 19), unsealed on June 21, 2001 (Dkt. # 27). The case involved the prosecution of Fernandez, Jose Gonzalez Edeza, Carlos Ruben Rodrigues, Ronald Valencia Barrera, and Celestino Briones for participation in a methamphetamine distribution organization that imported methamphetamine from Salt Lake City, Utah to Tulsa, Oklahoma. The defendants were charged with

participating in a large scale drug trafficking operation, with various other substantive offenses.

Fernandez was charged in Count One with conspiracy to possess and distribution of methamphetamine in violation of 21 U.S.C. § 846; in Counts Two, Four and Five, with using telephones to facilitate a drug conspiracy in violation of 21 U.S.C. § 843(b); in Counts Three and Six, with traveling interstate to promote a drug conspiracy in violation of 18 U.S.C. § 1952; and in Count Eight with possessing with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii).

The Indictment alleged the conspiracy began on or about May 1, 2001 and continued until the date of the Indictment (June 8, 2001). On May 20, 2002, defendant Fernandez and co-defendant Edeza proceeded to trial by jury.[1] (Dkt. # 178).

On May 29, 2002, Fernandez and Edeza were both found guilty of each count of the Indictment in which they were charged. (Dkt # 184). The Court sentenced Fernandez to 264 months imprisonment followed by five years of supervised release. (Dkt. # 184, 237). The Tenth Circuit issued its decision affirming Fernandez's conviction and sentence on December 8, 2003. United States v. Fernandez, 82 Fed. Appx. 656 (10th Cir. 2003)(unpublished).[2] Though Fernandez obtained

---

[1] Upon motion of the government and Order of the Court, on April 10, 2002, the Indictment was dismissed without prejudice as to co-defendants Carlos Ruben Rodriguez and Ronald Valencia Barrera. (Dkt. # 158 and # 159 ). Both these individuals were government witnesses at Fernandez's trial. (Dkt. 231, at 5). On February 8, 2002, Celestino Briones entered a plea of guilty to a one count Information charging him with conspiracy to possess methamphetamine with intent to distribute and to distribute in excess of 500 Grams in violation of 18 U.S.C. § 371 (Dkt. # 131).

[2] On appeal, Fernandez argued the district court erred in: (1) denying his motion for a judgment of acquittal; (2) admitting evidence concerning the arrest of Ronald Barrera; (3) denying his motion to suppress certain statements he made after consuming alcohol; and (4) enhancing his sentence under U.S.S.G. § 3B1.1(a).

an extension of time in which to file a petition for writ of certiorari to the Supreme Court, he did not file the petition. Fernandez's conviction became final ninety days later when his time to file a petition for certiorari expired. See, Clay v. United States, 537 U.S. 522, 527 (2003).

Fernandez filed the instant motion on December 9, 2004. This is defendant Fernandez's first § 2255 motion. The Court finds that Fernandez's motion is timely and that it has jurisdiction to proceed to determine the merits.

## Issues Raised

Fernandez sets forth four reasons why his sentence was illegally imposed. Fernandez raises three claims of ineffective assistance of counsel against his appointed attorney, Frank Lockhart. At the trial level, Fernandez claims his counsel was ineffective: 1) in failing to discuss with him the option of pleading guilty and the advantage he could receive in a three-point reduction in his base offense level for acceptance of responsibility; and 2) in failing to move for a two-point reduction for the more "onerous conditions aliens receive in prison." (Dkt. # 306, at 5-A and 5-B). At the appellate level, Fernandez claims attorney Lockhart was ineffective in failing to file at his request a petition for writ of certiorari in light of the intervening decision in Blakely v. Washington, 524 U.S 296 (2004). (Dkt. #306, at 5-A). As a fourth issue, Fernandez claims that Blakely and United States v. Booker, 543 U.S. 220 (2005), have retroactive application thereby rendering his sentence invalid. (Dkt. # 306, at 5-B).

## Discussion

The Sixth Amendment requires that criminal defendants receive effective assistance of counsel both at trial and during a direct appeal as of right. Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir. 1995) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)). To establish a claim of ineffective

assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland test applies to appellate as well as trial counsel. See Smith v. Robbins, 528 U.S. 259, 285 (2000). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

**Analysis**

1. Failing to Inform of the Advantages of Pleading Guilty

Fernandez asserts that his counsel insisted that he proceed to trial by jury, but, had he been advised by counsel that voluntary intoxication is not a defense to the charges, he would have instead chosen to enter a guilty plea. (Dkt. # 306, Ex. A at 1). Fernandez also claims counsel failed to discuss a trial strategy, failed to discuss the option of pleading guilty, and failed to discuss that by pleading guilty he would receive a three-point reduction in his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. (Dkt. # 306, Ex.A at 2). Fernandez claims that he does not

4

speak, write or understand English and that he has no understanding of the law or how to file legal papers. (Dkt.#306, Ex.A at 1). Fernandez asserts these allegations by "sworn declaration." (Dkt. # 306, Ex. A at 3).

Fernandez's allegations that he was not informed of the option and advantage of pleading guilty or that intoxication was not an available defense are rebutted by an affidavit of his counsel. (Dkt. # 314, Attachment 1). Attorney Lockhart attests:

> Your affiant had many conversations with Mr. Fernandez with a qualified interpreter, who was appointed to the case. In these conversations, your affiant continually stressed to Mr. Fernandez the overwhelming evidence against him (including videotapes of his conversations with undercover agents). Your affiant did pursue pleas discussions with the U.S. Attorney's office, and although no plea offer was ever made, there were some discussions of various plea scenarios that would "cap" Mr. Fernandez's potential sentence. Your affiant told Mr. Fernandez about these discussions. However, Mr. Fernandez directed your affiant to not pursue these discussions because he wanted to go to trial. Mr. Fernandez simply would not consider the idea of entering a plea of guilty to the charges. Your affiant explained the Sentencing Guidelines to Mr. Fernandez, including the credit he would receive if he were to enter a plea. It was Mr. Fernandez's choice to proceed to trial. . . Your affiant explained to Mr. Fernandez on many occasions that voluntary intoxication was not a defense. Mr. Fernandez was certainly aware of the Court's opinion on this matter, as he was at the Pre-Trial Motion Hearing where your affiant attempted to suppress Mr. Fernandez's statements, not on the basis of intoxication, but on the basis of voluntariness . . . The Court overruled that motion. Thus, from both the Court's Pre-Trial ruling and from discussions with your affiant, Mr. Fernandez was well informed that voluntary intoxication could not be used as a defense.

(Dkt. # 314, Attachment 1, at 1-2).

The Court is mindful that "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." United States v. Hershberger, 940 F.2d 671 (10th Cir. 1991)(unpublished) (citing Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979)). The Court is required by § 2255 to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also United States v. Marr, 856

5

F.2d 1471, 1472 (10th Cir. 1988). Under § 2255, the Court must hold an evidentiary hearing on an ineffective assistance claim if the defendant has alleged facts which would entitle the defendant to relief and a hearing is necessary to prove the truth of the allegations. However, "conclusory allegations without supporting factual averments are insufficient to state a claim." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

With this standard as a guide, the Court thoroughly reviewed the pleadings, files and record in this case, and from such a review the Court finds that attorney Lockhart's statements are corroborated by the record, and Fernandez's statements are refuted. Thus, the record conclusively shows that the defendant is entitled to no relief and an evidentiary hearing is unnecessary. Fernandez's statements are nothing more than mere conclusory allegations which he attempts to bolster by declaring they were made "under penalty of perjury." (Dkt. # 306, Ex. A, at 3). In contrast, counsel's affidavit is a recitation of facts which is supported by the record.

Counsel's statement that he had "many conferences" with Fernandez with a qualified interpreter present is corroborated by the Criminal Justice Act ("CJA") voucher submitted by attorney Lockhart. Attorney Lockhart's CJA interim voucher dated March 1, 2002 shows that counsel claimed 18 hours in "interviews and conferences." (Dkt. # 146).[3] These conferences occurred from May 25, 2001, the day Fernandez was arrested on the complaint filed in this case, until February 12, 2002, prior to the pretrial conference and motion hearing held on March 29, 2002. The voucher shows that counsel also claimed 2 hours attending the arraignment, 2.5 hours attending defendant's detention hearing, 8 hours reviewing discovery materials, 0.5 hours in a hearing and 19.2 hours for legal

---

[3] An interpreter was appointed to translate the English language to Spanish for Fernandez. She submitted two vouchers which were approved by the Court for work occurring from May 29, 2001 through October 1, 2002. (Dkt. # 219 and #274).

research and writing. (Dkt. 146). It is during this billing cycle that counsel prepared and filed his motion to suppress on behalf of Fernandez, claiming that Fernandez's intoxication rendered involuntary his incriminating statements to the undercover agent. Attorney Lockhart's second CJA interim voucher was submitted to the Court on June 8, 2002. This voucher shows 8.5 hours in "interviews and conference." (Dkt. # 218). The Court referred counsel's fee request to the magistrate judge for hearing. (Dkt. # 194). In the Report and Recommendation, the magistrate judge found credible counsel's statement that the case involved time consuming discovery review, including extensive audio and video tapes which were translated from Spanish to English. (Dkt. # 200 at 2). At the hearing, Mr. Lockhart stated that: "consultations with his client also involved reviews of videotapes in an attempt to educate his client as to the nature of the charges against him." (Dkt. # 200, at 3). This statement corroborates counsel's statement in his affidavit that he consulted with Fernandez in an attempt to educate him on the "overwhelming evidence against him." (Dkt. # 314, Attachment 1, at 1). Further, the magistrate judge reported that "Mr. Lockhart . . . attempted to negotiate, two separate times, with two different Assistant United States Attorneys, plea bargains for Defendant." (Dkt. # 200, at 6). This refutes Fernandez's claim that his counsel insisted that he go to trial and never discussed the option or advantage of pleading guilty. The Court adopted the magistrate judge's Report and Recommendation (Dkt. # 205), awarding attorney Lockhart an interim fee of $375 for in-court compensation and $2,486 for out-of-court compensation (Dkt. # 146).

Finally, the record conclusively refutes Fernandez's claim that counsel never advised him that voluntary intoxication is not a defense to his incriminating statements to Undercover Task Force Officer Carlos Guzman. The record shows that Fernandez was present in the courtroom with an interpreter during the hearing on his counsel's motion to suppress evidence. (Minute Sheet of Hearing

7

Dkt. # 151). The record shows that Officer Guzman testified and that the video tapes and transcripts of recordings of their conversations were admitted in evidence. The Court's ruling denying counsel's motion to suppress was made in open court in the presence of Fernandez with an interpreter to aid Fernandez's comprehension of the proceedings.

In weighing the bare allegations in Fernandez's § 2255 motion against the sworn testimony of counsel which is substantiated by the record and court files, the Court finds that counsel adequately advised Fernandez of his plea options; consequently, the defendant fails to establish that his counsel's performance in this regard fell below an objective standard of reasonableness.

Moreover, Fernandez fails to demonstrate that he was prejudiced by any alleged failure of his counsel to fully inform him of his plea options. Fernandez argues that counsel failed to tell him that he "could plead guilty and receive three-points off his Base Offense Level (BOL) for acceptance and remorse." (Dkt. 306, at -A). The flaw with Fernandez's argument is that he can not demonstrate he would have received the three-point reduction. It is entirely speculative on his part. The guidelines expressly reject a cause-and-effect relationship between pleading guilty and receiving a three-point reduction for acceptance of responsibility. The commentary to section 3E1.1 states that while "[e]ntry of a plea of guilty prior to the commencement of trial . . . will constitute significant evidence of acceptance of responsibility" a "defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." U.S.S.G. § 3E1.1, commentary n. 3 (2003). Further, the fact that Fernandez went to trial rather than enter a guilty plea did not eliminate his entitlement to a reduction for acceptance of responsibility. The guidelines provide that one who is convicted after a

trial may still be entitled to the reduction.[4] The downward adjustment for acceptance of responsibility is based on pre-trial conduct. § 3E1.1, commentary n.2. See also United States v. Faubion, 19 F.3d 226, 229 (5th Cir. 1994). Fernandez has failed to show that his pretrial conduct warranted a sentence adjustment. In fact, he asserts that had he known voluntary intoxication was not a defense he would have plead guilty. This statement fails to demonstrate, in the pretrial stage of this proceeding, that Fernandez accepted responsibility for his conduct. The presentence report substantiates Fernandez's lack of remorse throughout the proceeding. The probation officer states: "Fernandez maintains his innocence as he has done from the beginning of this case. According to Fernandez, he was drinking heavily during his interaction with the undercover agent. In addition, Fernandez maintains he does not know the others named in the Indictment." (Presentence Report, dated July 30, 2002). Therefore as to Fernandez's first claim, the Court finds Fernandez fails to establish the requisite prejudice to sustain a claim of ineffective assistance of counsel.

2. Failing to Move for a Sentence Reduction Under §5K2.0

Fernandez contends his counsel was constitutionally ineffective in failing to move for a two-point reduction in his base offense level under U.S.S.G. § 5K2.0, which permits the Court to depart from the applicable guideline range if there exist mitigating circumstances of a kind not adequately taken into consideration by the sentencing guidelines. Fernandez claims that he was eligible for the two-point reduction because as an alien he faces more onerous conditions in prison than those faced by counterpart American citizens who are incarcerated. Specifically, he claims aliens are not allowed to participate in alcohol rehabilitation programs, are not allowed to be placed in half-way

---

[4] "Conviction by trial, however, does not automatically preclude a defendant from consideration of such a reduction." U.S.S.G. § 3E1.1, commentary n.2.

houses, and the conditions of their confinement are worse. (Dkt. # 306, at 5B). The Court finds no merit in defendant's argument because it is entirely speculative. He has failed to show a reasonable probability that he would have received a lesser sentence if his attorney had argued for a sentence reduction under § 5K2.0 based on his status as an alien. There is no precedent for a reduction in the base offense level due to one's status as an alien. See United States v. Acevedo, 7 Fed.Appx. 850, 851 (10th Cir. 2001) (unpublished).

3. Failing to File a Petition for Certiorari

Fernandez claims counsel was ineffective in failing to comply with his request to file a petition for writ of certiorari in the Supreme Court. (Dkt. 306, at 5A). Fernandez claims that because his counsel failed to file a petition for certiorari, he lost the benefit of the Supreme Court's subsequent issuance of Blakely which he claims would have been applicable to his case and invalidated the four- point enhancement imposed by the Court for his role as leader and organizer. Fernandez asserts Blakely would have required that issue to be a factual determination for the jury, not decided by a judge as in his case.

Fernandez may not rely on his attorney's failure to file a petition for certiorari review from the Supreme Court to support an ineffective assistance of counsel claim. The right to counsel extends to the defendant's first appeal and the Sixth Amendment provides a defendant the right to effective assistance of counsel during his initial appeal. Douglas v. California, 372 U.S. 353, 357-58 (1963). Review by the Supreme Court is discretionary and the Supreme Court has held that defendants have no right to counsel to pursue discretionary review. See Wainwright v. Torna, 455 U.S. 586 (1982). Although Fernandez asked counsel to file for review with the Supreme Court, counsel had no obligation to file the petition for him because the right to counsel does not extend to discretionary

10

review by the Supreme Court. See United States v. Thomas, 33 Fed.Appx. 446, 448 (10th Cir. 2002) (unpublished). From a review of Fernandez's § 2255 petition, it is clear he was aware of his right to file a petition with the Supreme Court. Fernandez requested and received an extension of time to file his own petition and he failed to do so. From a review of these circumstances, the Court finds that attorney Lockhart did not provide ineffective assistance of counsel when he declined to file for certiorari review on behalf of the defendant.

The fact that the Supreme Court subsequently issued Blakey does not establish that Fernandez was prejudiced by the failure to file for discretionary review. The Tenth Circuit issued its decision in Fernandez's case on December 8, 2003. (Dkt. # 290). His judgment became final ninety days later on March 7, 2004. Blakely was decided by the Supreme Court on June 24, 2004. See Blakely, 542 U.S. at 296. At the time Fernandez's appeal became final, the Supreme Court had not yet issued its opinion in Blakely. "The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant. ([C]ounsel's performance is not deficient by failing to predict future developments in the law.) Nor does the Sixth Amendment require counsel to raise, or even be cognizant of all potential claims." United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) (citing 466 U.S. at 689 (internal citations omitted)). Thus, the Court finds that Fernandez's third claim is without merit.

4.   Subsequent Supreme Court Decisions Render Defendant's Sentence Invalid

As a fourth issue, Fernandez claims that the subsequent decisions of the Supreme Court in Blakely and United States v. Booker, 543 U.S. 220 (2005), render his sentence invalid because the issue of whether he was a leader and organizer of the drug conspiracy was a factual issue which should have been submitted to a jury. (Dkt. # 306, at 5B). The Court finds no merit in Fernandez's argument because the Tenth Circuit has held that the rule of law announced in Booker and Blakely

does not apply collaterally to a federal defendant whose conviction was final at the time those decisions were pronounced. See United States v. Bellamy, 411 F.3d 1182, 1186 (10th Cir. 2005). Thus, the Court finds no merit in Fernandez's fourth claim.

## Conclusion

Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that the defendant is entitled to no relief. In the present case, the Court concludes that the record conclusively shows that Fernandez is entitled to no relief, and a hearing is unnecessary.

**IT IS THEREFORE ORDERED** that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Dkt.# 306) is hereby **denied**, and defendant's application to proceed without prepayment of fees is **moot**.

DATED THIS 18th day of September, 2008.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE